UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
EDGAR WILSON AND SHANDU MARKS,

                       Plaintiffs,                                **COMPLAINT**

       -against-

THE CITY OF NEW YORK,
POLICE OFFICER SUJIT NAIR (TAX 951493),        **JURY TRIAL**
AND JOHN DOES 1-10,                                 **DEMANDED**

                       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

      Plaintiffs, Edgar Wilson and Shandu Marks, by their attorneys, Reibman & Weiner, as and for their Complaint, hereby allege as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

      1.     At all times hereinafter mentioned, plaintiffs Edgar Wilson and Shandu Marks were adult male residents of New York County and Queens County, respectively, within the State of New York.

      2.     At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

      3.     At all relevant times hereinafter mentioned, defendant Sujit Nair (Tax 951493), was an adult male employed by the City of New York as a member of the NYPD assigned to Police Service Area 6 and/or the Housing Bureau Manhattan Impact Response Team. Defendant Nair is sued herein in his official and individual capacities.

4. At all relevant times hereinafter mentioned, the Doe defendants were adults employed by the City of New York as members of the NYPD assigned to the Police Service Area 6 and/or the Housing Bureau Manhattan Impact Response Team. The Doe defendants are sued herein in their official and individual capacities.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Southern District of New York, where defendant City of New York resides, and where the majority of the actions complained of herein occurred.

7. Each plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under state law.

8. At least thirty days have elapsed since service of each plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

9. That the within action has been initiated within one year and ninety days of the accrual of plaintiffs' claims pursuant to New York State Law.

**RELEVANT FACTS**

10. On June 8, 2014, at or around 1 a.m., plaintiffs were lawfully standing in front of the Grant Houses on 3170 Broadway, New York, New York 10027.

11. At or about this time, the individual defendants, including members of the Housing Bureau Manhattan Impact Response Team, arrived in uniform and on duty.

12. Before even asking plaintiffs a question, and without any legal justification or excuse, the defendants handcuffed and arrested plaintiff Marks.

13. The defendants then proceeded to question plaintiffs and asked them if they were smoking marijuana. Defendants had no reasonable basis upon which to suspect plaintiffs of using or possessing marijuana.

14. Defendants also subjected plaintiffs to illegal searches of their persons. The searches yielded no evidence of any drugs, weapons, or contraband.

15. Defendants handcuffed and arrested plaintiff Wilson.

16. Defendants forced plaintiffs into a van and transported them and at least one other prisoner to a local precinct believed to be Police Service Area 6, 2770 Frederick Douglass Boulevard, New York, New York 10039. Plaintiffs were held at this precinct for several hours before both were issued a Desk Appearance Ticket ("DAT").

17. The DATs were made on the basis of false allegations supplied by the individual defendants. In particular, the DATs falsely alleged that plaintiffs violated New York Penal Law § 221.10(1), which provides that "[a] person is guilty of criminal possession of marihuana in the fifth degree when he knowingly and unlawfully possesses: 1. marihuana in a public place, as defined in section 240.00 of this chapter, and such marihuana is burning or open to public view...."

18. Plaintiffs did not possess any marijuana when the defendants illegally arrested them.

19. The decisions to arrest plaintiffs were objectively unreasonable under the circumstances.

20. At no time did there exist sufficient cause to seize or arrest plaintiffs, nor could the defendants have reasonably believed that such cause existed.

21. In addition to illegally arresting plaintiffs, defendants used excessive force. In particular, defendants punched plaintiff Wilson on the left side of his jaw before placing him in the van, and punched him again in the testicles while plaintiff Wilson was in custody at the precinct.

22. Plaintiffs were not engaged in any suspicious or illegal activity and there was no legal basis or justification for the defendants to approach and detain plaintiffs or to subject them to any force, much less the force actually employed.

23. At no time did plaintiffs resist arrest or engage in any violent or threatening behavior.

24. At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiff.

25. As a result of defendants' actions, plaintiff Wilson went to St. Luke's Hospital, 1111 Amsterdam Ave., New York, New York 10025 where he was treated for testicular pain, jaw pain and tooth pain.

26. Plaintiffs were prosecuted for several weeks before the charges against them were dismissed. On July 30, 2014, the New York County District Attorney's Office issued letters confirming it declined to prosecute the charges against each plaintiff on July 2, 2014.from his job.

27. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

28.     That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

29.     Plaintiffs repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

30.     At no time did defendants have any legal basis for arresting or imprisoning plaintiffs, commencing criminal process, or using physical force against them, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

31.     Defendants willfully and intentionally seized, searched, detained, and arrested plaintiffs without probable cause, and without a reasonable basis to believe such cause existed.

32.     Defendants willfully and intentionally subjected plaintiffs to physical force in excess of what was reasonable under the circumstances and caused plaintiffs to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

33.     By so doing, the individual defendants, individually and collectively, subjected plaintiffs to excessive force, false arrest and imprisonment, malicious prosecution, unlawful searches of person and property, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

34. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

## SECOND CAUSE OF ACTION

35. Plaintiffs repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

36. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

37. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD.  Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

38. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and  intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of

the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

39. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

40. The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

  a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

  b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

  c. Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

  d. Retaliating against officers who report police misconduct; and

  e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

41. The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following, non-exhaustive list of civil actions:

  a. *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG) (E.D.N.Y.)

  b. *Lotorto v. City of New York,* 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

    c.    *Zabala v. City of New York,* 37711/2010 (Sup. Ct., Kings Co.);

    d.    *Ashe v. City of New York,* 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

    e.    *Long v. City of New York,* 09-CV-9216 (AKH) (S.D.N.Y.);

    f.    *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.)

    g.    *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS) (SD.N.Y.);

    h.    *Carmody* v. *City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

    i.    *McMillan* v. *City of New York,* 04-CV-3990 (FB) (RML) (E.D.N.Y.);

    j.    *Avent* v. *City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

    k.    *Smith* v. *City of New York,* 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

    l.    *Powers* v. *City of New York,* 04-CV-2246 (NGG) (E.D.N.Y.);

    m.    *Dotson* v. *City of New York,* 03-CV-2136 (RMB) (S.D.N.Y.);

    n.    *Nonnemann* v. *City of New York,* 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

    o.    *Richardson* v. *City of New York,* 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

    p.    *Barry* v. *New York City Police Department,* 01-CV-10627 (CBM) (S.D.N.Y.);

    q.    *Walton v. Safir,* 99-CV-4430 (AKH) (S.D.N.Y.);

    r.    *White-Ruiz v. The City of New York,* 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

    s.    *Ariza v. City of New York,* 93-CV-5287 (CPS) (E.D.N.Y.);

42. In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

43. Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

44. It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

45. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## THIRD CAUSE OF ACTION

46. Plaintiffs repeat the allegations contained in each of the foregoing paragraphs as though stated fully herein.

47. Plaintiffs were subjected to assault, battery, false arrest, false imprisonment, malicious prosecution, and excessive force by the defendants.

48. At no time did defendants have any legal basis for arresting or imprisoning plaintiffs, commencing criminal process against them, or using physical force against them, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

49. The defendants are therefore liable under New York law to plaintiffs for assault, battery, false arrest, false imprisonment, malicious prosecution, and excessive force.

50. By reason thereof, defendants have caused plaintiffs to suffer emotional and physical injuries, mental anguish, the loss of their constitutional rights, and unlawful incarceration.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, plaintiffs demands judgment against defendants jointly and severally as follows:

    i. On the First Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

    ii. On the First Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at

        trial;

iii.    On the Second Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

iv.    On the Third Cause of Action, damages in a substantial sum of money against the City of New York and the individual defendants in an amount to be determined at trial;

v.    Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action;

vi.    Such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
       September 8, 2015

                            /s/
                        James Sanborn (JS-4011)
                        Reibman & Weiner
                        26 Court Street, Suite 1808
                        Brooklyn, New York 11242
                        Phone: 718-522-1743
                        Facsimile: 718-522-6093